PIERSON v. FRENKEL.

(Supreme Court, Appellate Term. March 14, 1907.)

BROKERS—DUTIES AND LIABILITIES TO PRINCIPAL.

Where one for whom a broker was carrying stocks on a margin, on being informed by the broker over the telephone that he must put up further margin or take up the stocks, told the broker to sell, he was authorized to do so, irrespective of any former agreement between the parties calling for further or written notice to put up more margin, or of the time and place of sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 19.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by J. Fred Pierson, Jr., doing business as J. F. Pierson, Jr., & Co., against Benjamin Frenkel. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Morris S. Hirschberg, for appellant.

Rush & Hare, for respondent.

GILDERSLEEVE, P. J. The plaintiff on August 8, 1905, at the request of the defendant, bought for the latter's account on a 5 per cent. margin 100 shares of Metropolitan Securities Company stock, and on September 1, 1905, likewise on the defendant's order, another 100 shares of said stock, and these 200 shares of stock the plaintiff held for and on account of the defendant until November 11, 1905, when, as plaintiff claims, upon the defendant's oral direction so to do, the plaintiff sold the same at a loss, with which loss, together with the interest thereon, he charged the defendant; and he brought this action to recover that amount. The plaintiff admits that no notice of the time and place of the sale was given the defendant, and contends that the question as to time being given the defendant to make good the margin was never raised, and is therefore irrelevant.

It is plaintiff's contention that the defendant specifically authorized the plaintiff to sell forthwith. This specific authorization to sell the defendant denies. But from a letter from the defendant to the plaintiff, dated November 14, 1905, and offered on behalf of plaintiff as an admission against interest by the defendant, it appears that the defendant admitted his indebtedness to the plaintiff for the stock transaction in question shortly thereafter. The court specifically stated that he found that there was a particular authorization to sell. Plaintiff's testimony on this point is as follows:

"I notified on the previous day Dr. Frenkel [defendant] that I needed a necessary margin, and he called down and gave me a check for $500, signed by Mr. Hubbard, who advanced the money, as he told me, and the next day the stock declined; and I notified Dr. Frenkel over the phone, and said: 'Doctor, this stock has declined. Either take it up, or send me an additional thousand dollars.' He said: 'If you have to sell them, sell them out.' And I gave the order by next phone to sell the securities, right after the doctor said that; and they sold on his instructions, and after that I notified him of the sale over the phone, and he said: 'All right, Jack; as long as you sold it, all right.' Q.

You say that during that conversation Dr. Frankel told you to sell that stock? A. Yes, sir. Q. You are positive of that? A. Yes, sir. I said: 'It is one way ·or the other; further margin or take up the securities.' He said: 'If you have to sell it, go ahead.' Q. That is the conversation you already referred to? A. Yes, sir."

The court below was warranted in believing this testimony, and whatever former understanding there may have been between the parties, this authorization or direction on the part of defendant to sell the stock relieved plaintiff from the necessity of giving further or written notice to put up more margin or of the time and place of sale. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.